Babak Samini, Esq. (SBN 181796)
**SAMINI SCHENBERG, PC**
840 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Telephone: (949) 724-0900
Facsimile: (949) 724- 0901

Attorney for Defendant,
STUDEBT, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENLEY HARDIN, individually and on behalf of all others similarly situated, | CASE NO. 2:15-cv-02666-PSG-MAN |
| Plaintiff, | Hon. Philip S. Gutierrez |
| vs. | **DEFENDANT STUDEBT, INC.'S ANSWER TO PLAINTIFF TENLEY HARDIN'S COMPLAINT** |
| STUDEBT INC. | |
| Defendant. | Complaint Filed: April 10, 2015 |

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Defendant STUDEBT, INC. (hereafter "Defendant") through its counsel of record, answers and responds to Plaintiff TENLEY HARDIN's (hereafter "Plaintiff") complaint on its own behalf and for no other Defendant, and hereby states as follows:

1. Defendant admits the allegation in paragraph 1 of Plaintiff's Complaint that Plaintiff brings the action individually, but denies the remaining allegations.

2. Defendant admits the allegation in paragraph 2 that the jurisdiction to hear Plaintiff's Complaint is in the above entitled Court, but denies the remaining allegations or that Plaintiff has incurred any damages as a result of Defendant's action or inaction.

3. Defendant admits the allegations in paragraph 3 that the venue is proper in the instant action and that Defendant does business within the state of California and in the county of Los Angeles.

4. Defendant admits the allegations in paragraph 4 that Plaintiff is a natural person residing in Venice, California.

5. Defendant admits the allegations in paragraph 5 that Defendant provides consolidation services for students and former students with student loans, but denies any remaining allegations.

6. Defendant denies the allegations made by Plaintiff in paragraph 6 of the Complaint.

7. Paragraph 7 of the Plaintiff's Complaint sets forth legal conclusions to which no answer is required. To the extent a response is required, Defendant alleges that the referenced statute speaks for itself. To the extent that paragraph 7 of the Complaint alleges facts, Defendant denies each and every such allegation.

8. Paragraph 8 of the Plaintiff's Complaint sets forth legal conclusions to which no answer is required. To the extent a response is required, Defendant alleges that the referenced statute speaks for itself. To the extent that paragraph 8 of the

SAMINI SCHEINBERG, PC
840 Newport Center Drive, Suite 700
Newport Beach, California 92660

Complaint alleges facts, Defendant denies each and every such allegation.

9. Paragraph 9 of the Plaintiff's Complaint sets forth legal conclusions to which no answer is required. To the extent a response is required, Defendant alleges that the referenced statute speaks for itself. To the extent that paragraph 9 of the Complaint alleges facts, Defendant denies each and every such allegation.

10. Paragraph 10 of the Plaintiff's Complaint sets forth legal conclusions to which no answer is required. To the extent a response is required, Defendant alleges that the referenced statute speaks for itself. To the extent that paragraph 10 of the Complaint alleges facts, Defendant denies each and every such allegation.

11. Paragraph 11 of the Plaintiff's Complaint sets forth legal conclusions to which no answer is required. To the extent a response is required, Defendant alleges that the referenced definition of a "class" speaks for itself. To the extent that paragraph 11 of the Complaint alleges facts, Defendant denies each and every such allegation, and denies that Plaintiff is a member of any proposed "class".

12. Defendant denies the allegations in paragraph 12 of Plaintiff's Complaint, and denies that Plaintiff represents or is a member of "The Class".

13. Defendant denies the allegations in paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations in paragraph 16a of Plaintiff's Complaint.

18. Defendant denies the allegations in paragraph 16b of Plaintiff's Complaint, and specifically denies that Plaintiff has suffered any damages, or is

SAMINI SCHEINBERG, PC
840 Newport Center Drive, Suite 700
Newport Beach, California 92660

entitled to damages.

19. Defendant denies the allegations in paragraph 16c of Plaintiff's Complaint.

20. Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint.

21. Defendant lacks sufficient information to admit or deny the allegations in paragraph 18 of Plaintiff's Complaint, and therefore must deny such allegations.

22. Paragraph 19 of the Plaintiff's Complaint sets forth legal conclusions to which no answer is required. To the extent a response is required, Defendant alleges that the allegations and reasoning offered by Plaintiff in this paragraph are without merit and unsubstantiated by any primary or persuasive authority. To the extent that paragraph 19 of the Complaint alleges facts, Defendant denies each and every such allegation, including those relating to the Instant Action involving a "class".

23. Paragraph 20 of the Plaintiff's Complaint sets forth legal conclusions to which no answer is required. To the extent a response is required, Defendant alleges that the allegations and reasoning offered by Plaintiff in this paragraph are without merit and unsubstantiated by any primary or persuasive authority. To the extent that paragraph 20 of the Complaint alleges facts, Defendant denies each and every such allegation, including those relating to the Instant Action involving a "class".

24. Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint.

25. Defendant repeats and incorporates its prior responses as set forth above to paragraphs 1 through 22 of Plaintiff's Complaint.

26. Paragraph 23 of the Plaintiff's Complaint sets forth legal conclusions to which no answer is required. To the extent a response is required, Defendant alleges that the referenced statute speaks for itself. To the extent that paragraph 23

of the Complaint alleges facts, Defendant denies each and every such allegation.

27. Paragraph 24 of the Plaintiff's Complaint sets forth legal conclusions to which no answer is required. To the extent a response is required, Defendant alleges that the referenced statute speaks for itself. To the extent that paragraph 24 of the Complaint alleges facts, Defendant denies each and every such allegation, and specifically denies that Plaintiff is entitled to damages.

28. Defendant denies the allegations in paragraph 25 of Plaintiff's Complaint, and specifically denies that Plaintiff is entitled to injunctive relief.

29. Defendant repeats and incorporates its prior responses as set forth above to paragraphs 1 through 26 of Plaintiff's Complaint.

30. Paragraph 27 of the Plaintiff's Complaint sets forth legal conclusions to which no answer is required. To the extent a response is required, Defendant alleges that the referenced statute speaks for itself. To the extent that paragraph 27 of the Complaint alleges facts, Defendant denies each and every such allegation.

31. Paragraph 28 of the Plaintiff's Complaint sets forth legal conclusions to which no answer is required. To the extent a response is required, Defendant alleges that the referenced statute speaks for itself. To the extent that paragraph 28 of the Complaint alleges facts, Defendant denies each and every such allegation, and specifically denies that Plaintiff is entitled to damages.

32. Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint, and specifically denies that Plaintiff is entitled to injunctive relief.

33. Defendant denies the allegations in the "prayer for relief" section of Plaintiff's Complaint on pages 7 to 8, and specifically denies that Plaintiff is entitled to any damages, injunctive relief, or any further relief Plaintiff seeks from the Court.

## SEPARATE AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in Defendant's Answer herein, without admitting any of Plaintiff's allegations not otherwise admitted, and without undertaking any of the burdens imposed by law against Plaintiff,

Defendant avers and asserts the following defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

34. As a separate and affirmative defense to the Complaint, Defendant alleges that the Complaint fails to state facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

35. As a separate and affirmative defense to the Complaint, Defendant alleges that by her actions, Plaintiff has waived any and all rights he may have had against Defendant.

### THIRD AFFIRMATIVE DEFENSE

36. As a separate and affirmative defense to the Complaint, Defendant alleges that by her actions, Plaintiff is estopped from asserting any and all rights he may have had against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

37. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff failed to meet the conditions precedent to bringing a claim before this Court.

### FIFTH AFFIRMATIVE DEFENSE

38. As a separate and affirmative defense to the Complaint, Defendant alleges that the Complaint is uncertain as against it.

### SIXTH AFFIRMATIVE DEFENSE

39. As a separate and affirmative defense to each and every cause of action or claim for relief asserted against Defendant in the Complaint, Defendant alleges that Plaintiff's claims against Defendant fail and are barred because Plaintiff has suffered no injuries or damage caused by any actions of Defendant and, to the extent Plaintiff has suffered any damage in connection with the matters alleged in the Complaint, which Defendant denies, then such damages were caused by the conduct of persons or entities other than Defendant, including but

not limited to other defendants in this matter and/or third persons, regarding which Defendant has no responsibility.

### SEVENTH AFFIRMATIVE DEFENSE

40. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims against Defendant fail, in whole or in part, and are barred, because Plaintiff has not suffered, and has not properly pleaded in the Complaint, damages as a result of any conduct by Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

41. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims against Defendant fail, in whole or in part, and are barred, because Defendant is not the proximate cause of Plaintiff's damages, if any, and Plaintiff was not injured or damaged in fact by any of the acts alleged, or by any act by Defendant.

### NINTH AFFIRMATIVE DEFENSE

42. As a separate and affirmative defense to the Complaint, Defendant alleges that the damages Plaintiff alleges he suffered, to which Defendant denies any such damages, are completely speculative.

### TENTH AFFIRMATIVE DEFENSE

43. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims against Defendant fail, in whole or in part, and are barred, as a matter of law, because the Complaint makes numerous blatantly false claims.

### ELEVENTH AFFIRMATIVE DEFENSE

44. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims against Defendant fail because Plaintiff's claims are barred by the doctrine of waiver and estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

45. As a separate and affirmative defense to the Complaint, Defendant

alleges that Plaintiff's claims against Defendant fail because Defendant is not guilty of the matters and things alleged in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

46. As a separate and affirmative defense to the Complaint, Defendant denies the material allegations of the Complaint and demands strict proof thereof.

### FOURTEENTH AFFIRMATIVE DEFENSE

47. As a separate and affirmative defense to the Complaint, Defendant alleges that the injuries of which Plaintiff complains are a direct result of Plaintiff's own actions or inactions.

### FIFTEENTH AFFIRMATIVE DEFENSE

48. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff has failed to mitigate her damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

49. As a separate and affirmative defense to the Complaint, Defendant alleges that for Plaintiff to recover against Defendant would be unconscionable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

50. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims against Defendant fail, in whole or in part, because the Telephone Consumer Protect Act ("the TCPA"), codified at 47 U.S.C. § 227, upon which Plaintiff's claims rely, violate the First Amendment of the United States Constitution and the California Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

51. As a separate and affirmative defense to the First Amended Complaint, Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

### TWENTIETH AFFIRMATIVE DEFENSE

52. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims are barred by the statute of limitations.

///

### TWENTY-FIRST AFFIRMATIVE DEFENSE

53. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims are barred by the doctrine of illegality.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

54. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff has no adequate remedy at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

55. As a separate and affirmative defense to the Complaint, Defendant alleges that its wrong-doing, if any, was caused by mistake.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

56. As a separate and affirmative defense to the Complaint, Defendant alleges that any recovery by Plaintiff for the claims alleged in her Complaint would be contrary to public policy.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

57. As a separate and affirmative defense to the Complaint, Defendant alleges that each and every purported cause of action asserted by Plaintiff in the Complaint are barred by accord and satisfaction.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

58. As a separate and affirmative defense to the Complaint, Defendant alleges that the TCPA violates the Due Process clause of the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

59. As a separate and affirmative defense to the Complaint, Defendant alleges that the purported causes of action in the Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claim for damages against Defendant.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

60. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff has released Defendant from any and all claims, including those

raised in the Complaint.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

61. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff, by her own acts and/or omissions, has waived her rights, if any, to recover against Defendant.

### TWENTY-TENTH AFFIRMATIVE DEFENSE

62. As a separate and affirmative defense to the Complaint, Defendant alleges that any recovery Plaintiff may be entitled to as a result of the claims asserted in the Complaint is subject to offset and/or recoupment of amounts owed by Plaintiff to Defendant.

### THIRTIETH AFFIRMATIVE DEFENSE

63. As a separate and affirmative defense to the Complaint, Defendant alleges that the TCPA violates the Fifth and Fourteenth Amendments of the United States Constitution under the void-for-vagueness doctrine .

### THIRTY-FIRST AFFIRMATIVE DEFENSE

64. As a separate and affirmative defense to the Complaint, Defendant alleges that the TCPA violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

65. As a separate and affirmative defense to the Complaint, Defendant alleges that any claim alleged in the Complaint is barred because Defendant did not have a high degree of involvement, if any, in the alleged phone calls to Plaintiff at issue in the Complaint.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

66. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff lacks standing to assert her alleged claims herein because, *inter alia*, TCPA claims are not assignable and Plaintiff did not suffer damages.
///

- 10 –
DEFENDANT STUDEBT, INC.'S ANSWER TO PLAINTIFF TENLEY HARDIN'S COMPLAINT

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

67. As a separate and affirmative defense to the Complaint, Defendant alleges that any claims alleged by Plaintiff in the Complaint are barred, in whole or in part, because Plaintiff failed to join an indispensable party.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

68. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims are barred by the doctrine of unjust enrichment.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

69. As a separate and affirmative defense to the Complaint, Defendant alleges that the risks and dangers in Plaintiff's conduct were known to Plaintiff. Plaintiff nevertheless conducted herself in such a manner so as to expose herself and remain exposed to said risks and dangers and by doing so assumed all the risks attendant thereto. At said time, date and place of the incidents described in the Complaint, Plaintiff voluntarily assumed the risks of the activities in which he as then and there engaged and under the circumstances and conditions then and there existing, and the resultant injuries, if any, any damages, if any, sustained by Plaintiff were proximately caused by Plaintiff's own voluntary assumption of risk.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

70. As a separate and affirmative defense to the Complaint, Defendant alleges that it acted reasonably, in good faith and with due diligence towards Plaintiff.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

71. Defendant alleges that it may have other separate and additional affirmative defenses of which it is presently unaware, and hereby reserves its right to assert them by amendment to this Answer or at trial.

**WHEREFORE**, having answered all the allegations of the Complaint, Defendant respectfully prays of the Court as follows:

1. Plaintiff take nothing by her Complaint, and that the Complaint be dismissed with prejudice;

2. Defendant is permitted to recover from Plaintiff its reasonable attorneys' fees and costs incurred in defending this matter.

3. For such other and further relief as the Court in its discretion deems just and proper.

                                 **SAMINI SCHEINBERG, PC**

Dated: June 19, 2015         By:  /s/ Babak Samini
                                             Babak Samini, Esq.
                                             Attorneys for Defendant,
                                             STUDEBT, INC.

SAMINI SCHEINBERG, PC
840 Newport Center Drive, Suite 700
Newport Beach, California 92660

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) SS:
COUNTY OF ORANGE         )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 840 Newport Center Drive, Suite 700, Newport Beach, California 92660. On July 17, 2015, I served the within **DEFENDANT STUDEBT, INC.'S ANSWER TO PLAINTIFF TENLEY HARDIN'S COMPLAINT,** on the interested parties in said action by placing __ the original __X__ a true copy thereof, enclosed in a sealed envelope and addressed as follows:

> **LAW OFFICES OF TODD M. FRIEDMAN**
> 324 South Beverly Drive, #725
> Beverly Hills, CA 90212
> Attention: Todd M. Friedman, Esq.
> Attention: Suren N. Weerasuriya, Esq.
> Attention: Adrian R. Bacon, Esq.

__X__ BY UNITED STATES MAIL, I am "readily familiar" with the practice of collection and processing correspondence for mailing. Under that practice, it would be deposited in a box or other facility regularly maintained by the United States Postal Service with First-Class postage thereon fully prepaid that same day at Newport Beach, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__ BY ELECTRONIG SERVICE VIA CM/ECF, I also hereby certify that I filed the foregoing document with the Clerk of the Court for the United States District Court, Central District of California by using the Central District CM/ECF System. Participants in the case who are registered CM/ECF users will be served by the USDC-Central District of California CM/ECF system.

__X__ Federal - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: July 17, 2015

_____
Michael Moore

SAMINI SCHEINBERG, PC
840 Newport Center Drive, Suite 700
Newport Beach, California 92660